F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 28 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01134-BNB

DONALD JAMES DREW,

    Plaintiff,

v.

STATE OF COLORADO, INC., et al., Attorney General,
JEFFERSON COUNTY DISTRICT COURT, First Judicial District, et al.,
DISTRICT ATTORNEY, Jefferson County, et al.,
COLORADO COURT OF APPEALS, et al.,
COLORADO SUPREME COURT, et al., and
COLORADO DEPARTMENT OF CORRECTIONS, INC., et al.,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Donald James Drew, is a prisoner in the custody of the Colorado Department of Corrections at the Fort Lyon Correctional Facility in Fort Lyon, Colorado. Mr. Drew initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 challenging the validity of a state court criminal conviction. As relief Mr. Drew seeks damages and to be released from custody. For the reasons stated below, the action will be dismissed.

The Court must construe the Prisoner Complaint liberally because Mr. Drew is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his

confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id*.

As noted above, Mr. Drew is challenging the validity of a state court criminal conviction. He describes the nature of this action in the Prisoner Complaint as follows:

> On January 21, 2004, JEFFERSON COUNTY DISTRICT COURT, INC., by and through their agent the Lakewood Police Department, seized the private property of Donald James Drew c [sic] and initiated an action, #2004CR00259. Through the use of fraud and misdirection, as well as, outright deceit, the aforesaid court unlawfully and illegally prosecuted an In Rem proceeding on the private property and liberty interest of the Plaintiff. The court appointed representation for the Plaintiff (which was never requested, desired or authorized) who in the course of the proceedings manipulated, again through Fraud and deceit, as well as, withholding exculpatory evidence (information), into the position of incarceration within the DEPARTMENT OF CORRECTIONS, INC. The "plea bargain" used for this purpose was coerced under duress, as well as, blackmail using the spouse and family of the Plaintiff as leverage.
>
> Upon appeal to the Colorado Court of Appeals they just joined in with the District Court in denying Plaintiff's claims.
>
> Upon Writ of Certiorari the the [sic] Colorado Supreme Court they just joined in with the lower courts in denying Plaintiff's claims.
>
> It is plain that this case is In Rem as there is no indictment by a Grand Jury, no legal arrest warrant and no corpus delicti. The state has been made aware of all of the illegal activities of the lower court, as well as, the fact that this action is exclusive private property of the Plaintiff by uncontested Acceptance For Value. It has refused to examine the record and abide by their ministerial duty to restore the property and liberty interest that belongs to the Plaintiff. The Plaintiff is in reliance upon the Federal District Court to remove the In Rem action to the correct jurisdiction of the Federal Court as required by the standing compact.

(Doc. #1 at 4.)

Mr. Drew asserts three numbered claims for relief in the Prisoner Complaint, although the specific legal arguments he raises in support of those claims is not entirely clear. He first claims that trial court lacked jurisdiction over his criminal case. Mr. Drew contends in his second claim that he was denied due process because he was not provided with the effective assistance of counsel. In his third claim, which he identifies as a claim of "unjust enrichment," Mr. Drew appears to challenge again the trial court's jurisdiction over his criminal case. As noted above, Mr. Drew seeks as relief both damages and to be released from custody.

To the extent Mr. Drew seeks to be released from custody, his sole federal remedy is a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973). Therefore, the habeas corpus claims may not be raised in this § 1983 action. If Mr. Drew wishes to pursue any habeas corpus claims, he must file a separate habeas corpus action naming a proper Respondent and he must use the proper habeas corpus application form. Mr. Drew is advised that, before he may seek habeas corpus relief in federal court, he must exhaust state court remedies for the federal claims he intends to raise. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (noting that state court remedies must be exhausted prior to seeking habeas corpus relief). Mr. Drew also is advised that any habeas corpus action he may wish to pursue is subject to a one-year limitation period. *See* 28 U.S.C. § 2244(d).

Mr. Drew's claims for damages, which may be asserted in a § 1983 action, will be dismissed because those claims are barred by the rule in *Heck v. Humphrey*, 512

U.S. 477 (1994). Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87.

Based on Mr. Drew's description of the nature of this case, it is apparent to the Court that he is challenging the validity of his state court criminal conviction. It also is apparent that Mr. Drew has not invalidated his conviction because part of the relief he seeks is to be released from custody. Therefore, the Court finds that Mr. Drew's claims for damages challenging the validity of his state court criminal conviction are barred by the rule in *Heck* and must be dismissed. The dismissal of these claims will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996). Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed without prejudice because the habeas corpus claims may not be raised in this action pursuant to 42 U.S.C. § 1983 and the claims for damages are barred by the rule in *Heck*.

DATED at Denver, Colorado, this __28th__ day of ____June____, 2011.

BY THE COURT:

                                                  s/Lewis T. Babcock
                                                  LEWIS T. BABCOCK, Senior Judge
                                                  United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01134-BNB

Donald James Drew
Prisoner No. 100258
Fort Lyon Correctional Facility
PO Box 1000
Fort Lyon, CO 81038

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on June 28, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk